# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **FRANK DILLARD, JR.,** | ) |
| Petitioner, | ) |
| v. | ) CIV 14-268-JHP-KEW |
| **JESSE JAMES, Sheriff,** | ) |
| Respondent. | ) |

## OPINION AND ORDER

Petitioner, a former inmate of the Latimer County Detention Center in Wilburton, Oklahoma, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his revocation proceedings in Latimer County District Court Case No. CF-2001-153. The respondent alleges petitioner's incarceration was lawful and his claims are moot, because he has been released from incarceration.

The record shows that petitioner was convicted of three felonies on January 8, 2002, and he was sentenced to suspended sentences of five years, seven years, and seven years. (Dkt. 8-1). On July 26, 2002, the suspension clause was revoked for a period of six months in his 5-year sentence, with the remainder of the sentences to remain suspended. (Dkt. 8-2). On April 7, 2003, the State filed an application to revoke the remainder of petitioner's sentences. (Dkt. 8-3).

The hearing on the application to revoke was continued numerous times, and petitioner repeatedly failed to appear. (Dkt. 8-4). On January 9, 2009, however, petitioner stipulated to the allegations in the application to revoke, and the matter was set for sentencing. (Dkt. 8-5). Petitioner again repeatedly failed to appear and was arrested on a

bench warrant on May 16, 2014. (Dkt. 8-6, 8-7, 8-8). On August 7, 2014, he was released from incarceration on a personal recognizance bond. (Dkt. 8-9).

While the respondent asserts petitioner's claims are moot because of his discharge from the detention center, the issue of the validity of the revocations was not addressed. Nonetheless, "[a] threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). The court must dismiss a state prisoner's habeas petition if he has not exhausted the available state court remedies as to his federal claims. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). In federal habeas corpus actions, the petitioner bears the burden of showing he has exhausted his state court remedies as required by 28 U.S.C. § 2254(b). *See Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981); *Bond v. Oklahoma*, 546 F.2d 1369, 1377 (10th Cir. 1976). To satisfy the exhaustion requirement, a claim must be presented to the State's highest court through a direct appeal or a post-conviction proceeding. *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). Under the doctrine of comity, a federal court should defer action on claims properly within its jurisdiction until a state court with concurrent power has had an opportunity to consider the matter. *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982). "A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (citing *Coleman*, 501 U.S. at 731).

Petitioner asserts he has exhausted all state remedies but provides no support for the claim. It is clear from the record, however, that petitioner has not exhausted his state remedies by raising his claims in the Oklahoma Court of Criminal Appeals. *See* Oklahoma State Courts Network at http://www.oscn.net.

2

**ACCORDINGLY,** petitioner's petition for a writ of habeas corpus is DENIED, and this action is DISMISSED WITHOUT PREJUDICE for his failure to exhaust state court remedies.

DATED this 19th day of December 2014.

James H. Payne
United States District Judge
Eastern District of Oklahoma